LOWERY *v.* AMERICAN BURIAL ASSN.

Feb. 1, 1954

No. 39072          51 Adv. S. 48          70 So. 2d 38

848

*Ben Owens,* Columbus, for appellant.

*Roger C. Landrum,* Columbus, for appellee.

HOLMES, J.

The appellant sued the appellee in the Circuit Court of Lowndes County for an alleged breach of a funeral

benefit contract. He demanded recovery of funeral benefits in the amount of $375, the return of premiums paid on the contract in the amount of $109.40, and punitive damages in the sum of $500. The appellee answered, denying the allegations of the declaration upon which liability was predicated. By agreement of the parties, the case was tried by the judge without a jury, resulting in a judgment in favor of the appellee, from which judgment this appeal is prosecuted.

The facts are not in dispute in any material respect. On August 20, 1936, the appellant applied for and was issued by the appellee a funeral benefit contract. It was provided in the contract that in consideration of the application and of the payment of $1.00 as a registration fee, and a further payment in advance of stipulated monthly premiums, the appellee, American Burial Association, upon receipt of the proof of death of any member or members whose name or names appeared in the contract, agreed to furnish *through* the American Burial Association, or any of its branch offices, a complete funeral, consisting of casket, robe, and hearse service valued as follows: For members 1 week to 5 years inclusive, $35.00; for members 6 years to 15 years inclusive, $75.00; for members 16 years and above, but not exceeding 60 years at time of application, $125.00. The contract contained the further provision: ''The above amounts may be used in any way desired by the members' family, such as for casket, hearse service, embalming, or other funeral supplies desired, at regular retail prices, and if desired, the entire amount will be allowed on a higher priced funeral.'' The names of the members set forth in the contract were the appellant, age 44 years; the appellant's wife, Lizy Lowery, age 41 years, and the appellant's grandchild, James Anderson, age 3 years.

Paragraph 10 of the standard provisions of the contract provided as follows: "Should an insured hereunder remove to another location in Mississippi or to another state, where it would be deemed impracticable by the Association to *service* same, the Association reserves the right to contract with a reputable funeral director for such benefits on a basis of 80% of the amount applicable to the deceased as listed on this contract, and provided further that if for any reason the Association is unable to perform any of the services contracted for in this contract, the Association will pay the full amount due the deceased in cash, which shall be in full settlement of all claims under this contract."

In the year 1952, Lizy Lowery, the wife of the appellant, died. At the time of her death all requisite premiums had been previously paid on the contract and it was in full force and effect. About six months prior to the death of appellant's wife, she obtained a burial insurance policy from the Sykes Funeral Home. Upon the death of appellant's wife, he notified the Sykes Funeral Home and the Sykes Funeral Home assumed charge of the body and the funeral. The appellant then called upon the appellee to furnish the casket to be used for appellant's wife at the Sykes Funeral Home. The representative of the appellee advised the appellant that the appellee was ready, willing, and prepared to furnish the complete funeral in accordance with its obligation in the funeral benefit contract if the appellant would have the body of his wife released by the Sykes Funeral Home and permit the appellee to furnish the complete funeral in accordance with its obligation under the contract. This the appellant declined to do. The appellant admits that the appellee offered to assume charge of the body and furnish a complete funeral in accordance with the obligations of its contract. Nevertheless, he contends that the refusal of appellee to furnish the casket to be used for appellant's wife at the Sykes Funeral Home constituted a breach of the con-

tract between him and the appellee. We are of the opinion that this contention of the appellant is untenable. It is manifest that the obligation of the appellee under its contract was to furnish through its facilities a complete funeral consisting of casket, robe, and hearse service, valued as set out in the contract. By the very terms of the contract itself, it is provided that appellee "agrees to furnish *through* the American Burial Association or any of its branch offices a complete funeral, etc." In paragraph 10 of the standard provisions of the contract it is provided that "if the insured should remove to another location in Mississippi or to another state where it would be deemed impracticable by the Association to *service* same, the Association reserves the right to contract with a reputable funeral director for such benefits on a basis of 80% of the amount applicable to the deceased as listed in the contract, and provided further that if for any reason the Association is unable to perform any of the services contracted for in the contract, the Association will pay the amount due in cash."

Thus it is manifest that the obligation imposed upon the appellee by the contract was to render the funeral services as provided in the contract, and it is only in the event that the Association has for some reason become unable to perform the services contracted for that the Association is required to make payment of the benefits in cash. It is true that the contract provides that the amounts stated therein may be used in any way desired by the members' family, such as for casket, hearse service, embalming, or other funeral supplies desired, etc. But it is plainly apparent that this contemplates that the benefits, whatever furnished, are required to be furnished through the facilities of the appellee. Since it appears from the undisputed evidence that the appellee, upon being advised of the death of appellant's wife, offered full performance of its contract by furnishing through its facilities a complete funeral, including casket, robe, and hearse service as valued in

the contract, and that the appellant declined this offer, preferring to have the Sykes Funeral Home remain in charge of the body and the funeral, we are of the opinion that the appellee was guilty of no breach of its contract and that the court below was correct in so holding and rendering a judgment in favor of the appellee. It follows, therefore, that the judgment of the court below should be, and it is, affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Lee* and *Kyle, JJ.,* concur.